UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN R. CARVER,

    Plaintiff,

v.                                            Case No. 12-mc-51233

MORTGAGE SERVICES, III, LLC,          HON. AVERN COHN

    Defendant.

_____/

## ORDER OF DISMISSAL

I.

Plaintiff Stephen R. Carver, proceeding pro se, has filed a paper styled "Motion for Discovery w/o Hearing" with several attachments.  The paper, which names Carver as plaintiff and "Mortgage Services, III, LLC" as defendant, was accepted by the Clerk's office and opened as miscellaneous case.  For the reasons that follow, the case will be DISMISSED for lack of subject-matter jurisdiction and for failure to state a claim.

II.

Under 28 U.S.C. § 1915 (e)(2) a Court may dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief.  A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Moreover, a federal court is always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and a federal court may not entertain an

action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Indeed, a court is required to dismiss an action at any time if it lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3); See Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir.2008) ("a district court may sua sponte dismiss an action when it lacks subject matter jurisdiction.").

The Court must read pro se complaints indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

III.

A.

The Court has reviewed the paper, which contains only the title noted above, as well as the numerous attachments. As best as can be gleaned, plaintiff is attempting to challenge foreclosure proceedings. The attachments consist of a variety of documents which appear to relate to a foreclosure, including a sheriff's deed, copies of checks written by plaintiff made payable to defendant, several "notary's certificate of service," and a document entitled "notice and demand mortgage fraud and unlawful foreclosure."

B.

Plaintiff's allegations fail to reveal the presence of a claim over which this Court has subject-matter jurisdiction. While some of the documents reference federal statutes, plaintiff has not adequately indicated the basis for the Court's subject matter jurisdiction. Moreover, the Court is unable to discern from any of the papers filed the basis for any viable claim, much less what relief plaintiff asks from the Court.

IV.

For the reasons stated above, the case is dismissed for lack of subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). It is also dismissed under 28 U.S.C. § 1915(e)(2) because plaintiff fails to set forth an arguable legal claim.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  September 21, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 21, 2012, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager, (313) 234-5160